IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPENCER A. RICE, LINDA M. RICE, ALAN S. RICE, | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )<br>) CIVIL ACTION NO. 3:08-270 |
| SWIFT TRANSPORTATION COMPANY, INC., SWIFT LEASING CO., INC. and KORAN T. BECKWITH, | )<br>)<br>)<br>) JUDGE KIM R. GIBSON |
| Defendants/Counter-Plaintiffs. | )<br>)<br>) |
| v. | )<br>) |
| ALAN S. RICE, | )<br>) |
| Counter-Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on a motion for summary judgment, filed by the Counter-Defendant, Alan S. Rice, pursuant to the Rule 56 of the Federal Rules of Civil Procedure. Doc. 47. The Counter-Plaintiffs, Swift Transportation Company, Inc., Swift Leasing Co., Inc., and Koran T. Beckwith, oppose the Counter-Defendant's Motion for Summary Judgment. Doc. 50. For the reasons that follow, the Motion for Summary Judgment is **DENIED**.

### II. BACKGROUND

This case arises from a motor vehicle accident which occurred in the morning of September 9, 2006 on Interstate I-80 in Lawrence Township, Clearfield County, Pennsylvania. Doc. 1-1 at 21. Four

vehicles were involved in the accident, one of which was a tractor trailer driven by Counter-Plaintiff Koran T. Beckwith ("Beckwith") and owned by Counter-Plaintiff Swift Transportation Company, Inc. and/or Counter-Plaintiff Swift Leasing Co., Inc. (collectively, "Swift"). Doc. 51 at 2. The tractor trailer driven by Beckwith became disabled at some point and three other vehicles collided with it (Doc. 51 at 3),[1] one of which was a rental van driven by Counter-Defendant Alan Rice's minor son, 16-year old Spencer Rice. Doc. 1-1 at 21. At the time of the accident Counter-Defendant Alan Rice was in the rental van sitting alongside his son, Spencer Rice, who held a learner's permit, but not a driver's license. Doc. 52 at 5, 12. Spencer Rice allegedly suffered "serious and severe" injuries. Doc. 1-1 at ¶ 10.

### III.  PROCEDURAL HISTORY

Spencer Rice and his parents, Linda and Alan Rice ("Plaintiffs"), filed an action against Defendants/Counter-Plaintiffs Swift and Beckwith in the Court of Common Pleas of Allegheny County, Pennsylvania, on November 13, 2008. Doc. 1-1. Defendants/Counter-Plaintiffs removed the action to this Court on November 26, 2008, and subsequently filed a counterclaim against Alan Rice, alleging negligent entrustment and/or negligent supervision, and seeking contribution and indemnity. Doc. 1; Doc. 52 at 1. The counterclaim alleges that the Counter-Defendant was negligent in entrusting the rental van to his son, Spencer Rice, who in addition to being an inexperienced driver holding only a learner's permit, was also not authorized to drive the rental car under the rental contract entered into by Alan Rice; this was because Spencer Rice was under the age of 25 (he was 16 at the time of the accident in question). Doc. 52 at 1. Counter-Plaintiffs also argue that the weather was inclement that day and that Spencer Rice lacked driving experience with that type of motor vehicle (a van). Doc. 52

---

[1] Counter-Plaintiffs and Counter-Defendant are in dispute as to whether or not the vehicle driven by Beckwith "jackknifed" or simply became disabled, and are also in dispute as to whether or not it was possible for other vehicles to avoid collision with Beckwith's vehicle at that point. See Doc. 51 at 3, Doc. 49 at 2-3.

at 1. Further, Counter-Plaintiffs argue that the road in question, Interstate I-80, was dangerous because it is "twisty and windy," a fact they allege was known to Counter-Defendant. Doc. 52 at 1, 5.

The Plaintiffs' claims against Defendants were settled out of Court on December 10, 2009. Doc. 47 at 3.

## IV. STANDARD OF REVIEW

Summary judgment may only be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. Pursuant to Federal Rule of Civil Procedure 56(c), the Court must enter summary judgment against a party who fails to make a sufficient showing of an element for which that party will bear the burden of proof at trial, and which is an essential element to that party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In evaluating the evidence, the Court must interpret the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Township*, 478 F.3d 144, 147 (3d Cir. 2007); see also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 126 (3d Cir. 1994); citing *Oritani Sav. and Loan Ass'n v. Fidelity and Deposit Co.*, 989 F.2d 635, 637 (3d Cir. 1993). The burden is initially on the moving party to demonstrate that the evidence contained in the record does not create a genuine issue of material fact. *Conoshenti v. Public Service Electric & Gas Co.*, 364 F.3d 135, 140 (3d Cir. 2004). See also *Troy Chemical Corp. v. Teamsters Union Local No. 408*, 37 F.3d 123, 125-126 (3d Cir. 1994); citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-32 (1986). A dispute is "genuine" if the evidence is such that a reasonable trier of fact could return a verdict for the non-moving party. See *McGreevy v. Stroup*, 413 F.3d 359, 363 (3d Cir. 2005); citing *Debiec v. Caot Corp.*, 352 F.3d 117, 128 n. 3 (3d Cir. 2003). Where the non-moving party will bear the burden of proof at trial as to some element or claim, the

moving party may meet its initial burden as to issues of material fact by showing that the admissible evidence contained in the record would be insufficient to carry the non-moving party's burden of proof. *Celotex*, 477 U.S. at 322.

Once the moving party satisfies its burden that the record contains no genuine issue of material fact, the burden shifts to the non-moving party, who must go beyond his or her pleadings by the use of affidavits, depositions, admissions or answers to interrogatories, in order to demonstrate that there *is* a genuine issue of material fact for trial. *Id.* at 324. In attempting to do so, the non-moving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in his or her pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

## V. JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiffs' and Counter-Plaintiffs' federal claims pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq.* Venue is proper because the Plaintiffs reside in the Commonwealth of Pennsylvania, the accident that is the basis of the claim occurred in Clearfield County, Pennsylvania, and the original case was brought in the Court of Common Pleas of Allegheny County, Pennsylvania.

## VI. DISCUSSION –Arguments in Support of Summary Judgment

Counter-Defendant argues that he is entitled to summary judgment because Counter-Plaintiffs "cannot maintain either a claim for negligent entrustment or for negligent supervision against [Counter-Defendant]". Doc. 48 at 2, ¶ 4. In support of this argument Counter-Defendant makes five sub-arguments, as follows: 1) there is no evidence that Counter-Defendant knew or should have known that Spencer Rice "was likely to operate the van in such a manner as to create an unreasonable risk of harm to others", therefore summary judgment is warranted on the counterclaim for **negligent**

4

entrustment (Doc. 47 at 4); 2) the claim of **negligent supervision** is duplicative of the claim of **negligent entrustment** and is an attempt to recover twice for the same conduct; 3) Counter-Plaintiff cannot maintain a claim for **negligent supervision** against Counter-Defendant because there is no evidence that Counter-Defendant knew or should have known of the necessity and opportunity for "exercising control over"/supervising his minor son, Spencer Rice, in the latter's operation of a van rented by Counter-Defendant; 4) a claim against Counter-Defendant for negligent entrustment and supervision of his minor son, Spencer Rice, cannot survive a motion for summary judgment because Counter-Defendant's minor son, Spencer Rice, was not himself negligent in his operation of the rental van (i.e., the son was not negligent and therefore the father cannot be negligent in his entrustment/supervision); 5) the Counter-Plaintiffs' reliance on named expert Steven Rickard's conclusions/opinions is misplaced, as they are not reliable, do not concern a matter requiring scientific, technical or specialized knowledge and will not assist the trier of fact in weighing the evidence. This misplaced reliance entitles the Counter-Defendant to summary judgment. Docs. 47 & 48.

### A. Argument: Counter-Plaintiffs' Claim Of Negligent Supervision Cannot Be Supported, Therefore Summary Judgment Is Appropriate

Counter-Defendant argues that there is no issue of material fact as to whether or not he was negligent in supervising his minor son, Spencer Rice, because there is no evidence that he knew or should have known that Spencer was likely to operate the rental van in question in such a manner so as to create an unreasonable risk of harm to others. We hold that this is a question for a trier of fact.

Counter-Defendant has cited *O'Loughlin v. Hunger* in support of the argument that holding only a driver's permit, and not a license, does not *necessarily* equate to negligence or lack of skill in operation of motor vehicles. Doc. 48 at 5; see also 2009 U.S. Dist. LEXIS 33711. However, this argument does not meet the summary judgment standard; it is not the *nonmovant*'s burden to demonstrate that a driver

holding a permit, but not a license, is *ipso facto* negligent in his or her operation of a vehicle. Rather, it is the *movant*'s burden to demonstrate that there exists *no issue of material fact* which, *viewed in the light most favorable to the nonmovant*, could entitle the nonmovant to relief. In order for *O'Loughlin* to be definitive precedent supporting the Motion for Summary Judgment, it would have to stand for the proposition that *if* a driver had a valid permit, *therefore* that driver was *necessarily* not negligent. That is not what *O'Loughlin* says. Where there exist disputes about material issues of genuine fact such that a reasonable trier of fact could possibly find negligence, the issue of negligence is not appropriate for summary judgment. See *Matlack, Inc. v. Butler Mfg. Co.*, 253 F. Supp. 972, 976 (E.D. Pa. 1966) ("summary judgment should be denied where issues of negligence are involved.").

Counter-Defendant further argues that Counter-Plaintiffs did not uncover facts during discovery which would be sufficient to support the theory that Counter-Defendant knew or ought to have known that entrusting the van to his minor son was negligent. Id. In support of this argument Counter-Defendant states that "additional circumstances [other than being unlicensed] indicating that [*sic*] unlicensed driver is incompetent to drive are necessary in order to submit the negligent entrustment issue to the jury". Doc. 47 at 5. In addition, he argues that the fact that the rental car agreement prohibited a person younger than 25 from driving the rental van does not demonstrate direct knowledge of Spencer Rice's incompetence. Doc. 47 at 5.

However, the counter-complaint alleges several material facts, which, taken in the light most favorable to the nonmovant, could result in a reasonable trier of fact finding for the Counter-Plaintiffs: Counter-Plaintiffs allege that the Counter-Defendant permitted his son to drive a van which was rented under Counter-Defendant's name, and that the rental contract specified that drivers under the age of 25 were prohibited; that Spencer had taken no formal driver's education courses, had limited practice driving vehicles, had only a learner's permit, had very limited experience driving that type of vehicle,

6

and was driving in allegedly inclement weather on an allegedly challenging interstate. Doc. 52 at 5. Currently, there exist genuine issues of material fact. Whether these alleged facts and circumstances demonstrate the claim of negligent entrustment is an issue for the trier of fact.

B.  **Argument: The Claim Of Negligent Supervision Is Duplicative Of The Claim Of Negligent Entrustment And An Attempt To Recover Twice For The Same Conduct, Therefore Summary Judgment Is Appropriate.**

Counter-Defendant argues that the claim of negligent supervision is duplicative of the claim of negligent entrustment and is therefore an attempt to recover twice for the same conduct. Specifically, Counter-Defendant argues that "[Counter-Plaintiffs] cannot simultaneously allege that [Counter-Defendant] 'entrusted' the operation of the vehicle to Spencer and, at the same time, possessed some 'ability to control' Spencer's operation of the vehicle." Doc. 48 at 13. Counter-Defendant terms this "double recovery". However, this Court understands Counter-Plaintiffs' argument to be, in part, that the Counter-Defendant Alan Rice was the party to the rental car contract, thus had the vehicle in his possession initially and had the ability to *not* turn the operation of the vehicle over to his minor son under hazardous conditions, when his son arguably lacked the experience and/or skill to operate a van. Doc. 51 at 9. This is the negligent entrustment argument. In addition, Counter-Plaintiffs argue that because Counter-Defendant Alan Rice was sitting in the passenger seat next to his minor son at the time of the accident, he had the ability to control his son's operation of the van (perhaps by telling him to slow down, pull over in inclement weather, or pull over to change drivers). Doc. 52 at 12. This is the negligent supervision argument. Clearly, there exist genuine issues of material fact. Thus, whether or not the facts surrounding this case warrant a conclusion of negligent supervision and/or negligent entrustment of the vehicle to his son are issues for a trier of fact, and are not appropriate for a summary judgment order.

C.  **Argument: There Is No Evidence That Counter-Defendant Knew Or Should Have Known**

### Of The Necessity And Opportunity For "Exercising Control Over"/Supervising Spencer Rice, Therefore Summary Judgment Is Appropriate

Counter-Defendant next argues that the Counter-Plaintiffs cannot maintain a claim for negligent **supervision** (as opposed to negligent entrustment, see discussion, supra) against Counter-Defendant because there is no evidence that Counter-Defendant knew or should have known of the necessity and opportunity for "exercising control over"/supervising his minor son, Spencer Rice, in the latter's operation of the rental van. Doc. 47 at 6. Whether Counter-Defendant had the opportunity to exercise control over and/or supervise his son in the operation of the rental van involves genuine issues of material fact that are in dispute and are appropriately weighed by a trier of fact.

In addition, whether or not a reasonable adult could have or *ought* to have known that it was necessary to exercise control over his 16-year-old son, who had limited driving experience, in the operation of a rental van in inclement weather on an allegedly challenging highway, in violation of the rental agreement, is an issue appropriate for a trier of fact. By definition, the question of whether an individual *ought* to have known something under the circumstances is not one that can be settled as a matter of law; further, taken in the light most favorable to the nonmovant, there is a possibility that the trier of fact might find for the Counter-Plaintiffs on this issue. As this Court has previously stated, in determining negligence, the circumstances surrounding the incident must be weighed: "'[n]egligence' is typically defined as 'the failure to observe, for the protection of another's interest, such care and precaution as the circumstances demand, or the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances [*internal citations omitted*].'" *Howard v. Blalock Elec. Serv.*, 2010 U.S. Dist. LEXIS 99372. *35, fn 6 (W.D. Pa. 2010); see also *Meadows v. Anchor Longwall & Rebuild, Inc.*, 2006 U.S. Dist. LEXIS 21617, *23-24 (W.D. Pa. 2006) ("'Negligence is defined as the absence of care under the circumstances.'"); see also *Taylor v. AMTRAK*, 310 F. Supp.

2d 727, 731 (E.D. Pa. 2004) ("negligence is defined as the absence of ordinary care that a reasonably prudent person would exercise in the same or similar circumstances"); see also *Pirocchi v. Liberty Mut. Ins. Co.*, 365 F. Supp. 277, 282 (E.D. Pa. 1973) ("Summary judgment is usually not appropriate in negligence cases, [*internal citations omitted*] since the application of the standard of conduct of the reasonable man usually requires a full exposition of all the underlying facts and circumstances."); citing Wright and Miller, Federal Practice and Procedure, Civil § 2729; see also *Hardy v. Volkswagen of America*, 65 F.R.D. 359, 361 (W.D. Pa. 1975) ("Summary judgment is usually not appropriate in negligence cases").

Thus, a jury could find that a reasonable or prudent person in Counter-Defendant's position would have exercised greater care or precaution in entrusting Spencer Rice with, or supervising Spencer Rice's operation of, the rental van.

**D. Argument: Spencer Rice Was Not Negligent In His Operation Of The Rental Van Therefore Counter-Defendant Alan Rice Cannot Be Found Negligent And Summary Judgment Is Appropriate**

Counter-Defendant next argues that a claim against him for negligent entrustment and supervision of his minor son, Spencer Rice, cannot survive a motion for summary judgment because Spencer Rice was not himself negligent in his operation of the rental van. Doc. 47 at 6. Counter-Defendant cites two cases, one from 1943, and one from 1959, for the "sudden emergency doctrine", *i.e.*, the rule that a person who is suddenly confronted with a perilous situation in which he has little time to react is not necessarily negligent. Doc. 47 at 6. However, as Counter-Plaintiffs have correctly pointed out, Pennsylvania courts also recognize the "assured clear distance rule", which requires that a motorist be capable of stopping within the distance he can clearly see. Doc. 52 at 14. See *Lockhart v. List*, 542 Pa. 141, 148 (Pa. 1995) ("Both the assured clear distance ahead rule and the sudden emergency doctrine, which are most often employed in cases arising out of a motor vehicle accident,

9

are well established in our case law."); see also 75 Pa.C.S. § 3361.[2] Counter-Plaintiffs argue that under the "assured clear distance ahead rule", Spencer should have been prepared to stop suddenly and avoid the tractor trailer driven by Beckwith. Counter-Defendant argues that under the "sudden emergency doctrine", Spencer should be found not to have been negligent. The interpretation of these two rules in light of the facts and circumstances surrounding this case are issues for a trier of fact; there remains a dispute regarding a genuine issue of material fact as to whether or not Spencer was negligent in his operation of the rental van, such that summary judgment is not appropriate on this question.

E. **Argument: The Testimony of Counter-Plaintiff's Expert Steven Rickard Is Non-Admissible, Therefore Summary Judgment Is Appropriate**

Lastly, Counter-Defendant argues that the Counter-Plaintiffs' reliance on named expert Steven Rickard's conclusions/opinions is misplaced, as they are not reliable, do not concern a matter requiring scientific, technical or specialized knowledge and will not assist the trier of fact in weighing the evidence. Doc. 47 at 7.[3] Even absent the testimony/report of Steven Rickard, there remain material issues of fact such that a trier of fact could rule in the nonmovant's favor. In addition, if the opinion testimony of this expert is permitted by the Court pursuant to its gate keeping duty under F.R.E. 702, whether or not a witness' testimony or findings are credible and persuasive is an issue for a trier of fact. Counter-Defendant has not established that absent Mr. Rickard's testimony, a reasonable trier of fact *could not* find negligent entrustment or supervision by Counter-Defendant. Taken in a light most favorable to the nonmoving party, a trier of fact might find, even absent Mr. Rickard's

---

[2] "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions."

[3] Counter-Defendant has moved to exclude this witness' report/testimony (Doc. 64), and this Court has not yet ruled on that motion.

testimony/report, that Counter-Defendant was negligent in his entrustment/supervision of his minor son's operation of the rental van.

## VII. CONCLUSION

Therefore, there remain multiple genuine issues of material fact such that summary judgment is inappropriate. See Doc. 51 at ¶¶ 5, 8-10, 21, 23-24, 26-27, 30-33.[4]

Counter-Defendant's Motion for Summary Judgment (Doc. 47) is **DENIED**. An appropriate order follows.

---

[4] Indeed, Counter-Defendant's position that there are no genuine issues of material fact is belied by Counter-Defendant's own Motion for Summary Judgment, Brief in support thereof, and Concise Statement of Material Facts.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPENCER A. RICE, LINDA M. RICE, ALAN S. RICE, <br><br> Plaintiffs, <br><br> v. <br><br> SWIFT TRANSPORTATION COMPANY, INC., SWIFT LEASING CO., INC. and KORAN T. BECKWITH, <br><br> Defendants/Counter-Plaintiffs. <br><br> v. <br><br> ALAN S. RICE, <br><br> Counter-Defendant. | CIVIL ACTION NO. 3:08-270 <br><br> JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this 25th day of October, 2010, this matter coming before the Court on Counter-Defendant's Motion for Summary Judgment (Document No. 47), **IT IS HEREBY ORDERED** that the Counter-Defendant's Motion for Summary Judgment is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

cc: All counsel of record

12