IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPENCER A. RICE, LINDA M. RICE, ALAN S. RICE, <br><br> Plaintiffs, <br><br> v. <br><br> SWIFT TRANSPORTATION COMPANY, INC., SWIFT LEASING CO., INC., and KORAN T. BECKWITH, <br><br> Defendants/Counter-Plaintiffs. <br><br> v. <br><br> ALAN S. RICE, <br><br> Counter-Defendant. | ) ) ) ) ) ) ) ) CIVIL ACTION NO. 3:08-270 ) ) ) ) JUDGE KIM R. GIBSON ) ) ) ) ) ) ) ) ) ) |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

### I.  SYNOPSIS

This matter comes before the Court on a Motion in Limine to Preclude Evidence of the Terms of the Select Motor Car's Rental Contract (Doc. 62), filed by the Counter-Defendant, Alan S. Rice (the "Motion in Limine"). The Counter-Plaintiffs, Swift Transportation Company, Inc., Swift Leasing Co., Inc., and Koran T. Beckwith, oppose the Counter-Defendant's Motion in Limine. Doc. 71. For the reasons that follow, the Motion in Limine is **DENIED**.

### II.  BACKGROUND

This case arises from a motor vehicle accident which occurred on the morning of September 9, 2006 on Interstate I-80 in Lawrence Township, Clearfield County, Pennsylvania. Doc. 1-1 at 21. Four

vehicles were involved in the accident, one of which was a tractor trailer driven by Counter-Plaintiff Koran T. Beckwith ("Beckwith") and owned by Counter-Plaintiff Swift Transportation Company, Inc. and/or Counter-Plaintiff Swift Leasing Co., Inc. (collectively, "Swift"). Doc. 51 at 2. The tractor trailer driven by Beckwith became disabled at some point and three other vehicles collided with it (Doc. 51 at 3),[1] one of which was a rental van driven by Counter-Defendant Alan Rice's minor son, 16-year old Spencer Rice. Doc. 1-1 at 21. At the time of the accident Counter-Defendant Alan Rice was in the rental van sitting alongside his son, Spencer Rice, who held a learner's permit, but not a driver's license. Doc. 52 at 5, 12. Spencer Rice allegedly suffered "serious and severe" injuries as a result of the accident. Doc. 1-1 at ¶ 10.

### III.    PROCEDURAL HISTORY

Spencer Rice and his parents, Linda and Alan Rice ("Plaintiffs"), filed an action against Defendants/Counter-Plaintiffs Swift and Beckwith in the Court of Common Pleas of Allegheny County, Pennsylvania, on November 13, 2008. Doc. 1-1. Defendants/Counter-Plaintiffs removed the action to this Court on November 26, 2008, and subsequently filed a counterclaim against Alan Rice, alleging negligent entrustment and/or negligent supervision, and seeking contribution and indemnity. Doc. 1; Doc. 52 at 1. Plaintiffs' claims against Defendants were settled out of Court on December 10, 2009. Doc. 47 at 3. The counterclaim remains active and is scheduled for trial on January 18, 2011. Counter-Defendant has filed several motions in limine, one of which is the instant Motion in Limine to Preclude Evidence of the Terms of the Select Motor Car's Rental Contract. Doc. 62.

### IV.    JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiffs' and Counter-Plaintiffs' federal claims pursuant to 28

---

[1] Counter-Plaintiffs and Counter-Defendant are in dispute as to whether or not the vehicle driven by Beckwith "jackknifed" or simply became disabled, and are also in dispute as to whether or not it was possible for other vehicles to avoid collision with Beckwith's vehicle at that point. See Doc. 51 at 3, Doc. 49 at 2-3.

U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq*. Venue is proper because the Plaintiffs reside in the Commonwealth of Pennsylvania, the accident that is the basis of the claim occurred in Clearfield County, Pennsylvania, and the original case was brought in the Court of Common Pleas of Allegheny County, Pennsylvania.

## V. STANDARD OF REVIEW

It is well established that "'[a] federal court exercising diversity jurisdiction follows federal procedural rules.'" See *McKenna v. PSS World Med., Inc.*, 2009 U.S. Dist. LEXIS 58292 (W.D. Pa. July 9, 2009); quoting *Munich Welding, Inc. v. Great Am. Ins. Co.*, 415 F.Supp.2d 571, 574 (W.D. Pa. 2006). See also *Fleeger v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 20705 (W.D. Pa. Mar. 16, 2009) ("A federal district court exercising diversity jurisdiction applies state substantive law and federal procedural law."); citing *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000); in turn citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

### A. Relevant Evidence and Admissible Evidence

Under the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." USCS Fed Rules Evid R 401. Further, Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible", however, "[e]vidence which is not relevant is not admissible." USCS Fed Rules Evid R 402. See also *Toledo Mack Sales & Serv. v. Mack Trucks, Inc.*, 2010 U.S. App. LEXIS 13827 (3d Cir. 2010).

### B. Evidence Which is Unfairly Prejudicial May Be Excluded

Under Federal Rules of Evidence, Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

3

presentation of cumulative evidence." Thus, as the Third Circuit has summarized, "'otherwise relevant and admissible evidence may only be excluded if the probative value of the evidence is substantially outweighed by its prejudicial effect.'" *U.S. v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3d Cir. 2000); quoted by *Chatman v. City of Johnstown*, 2005 U.S. Dist. LEXIS 27631, *16 (W.D. Pa. 2005).

## VI. DISCUSSION – ARGUMENTS AGAINST AND FOR INTRODUCTION OF RENTAL CONTRACT INTO EVIDENCE

Counter-Defendant argues that the rental car contract is not relevant under F.R.E. 401 to the claim of negligent supervision or entrustment. Counter-Defendant also argues that admission of the rental contract would be unfairly prejudicial and its probative value is outweighed by its potential prejudicial effect, and is therefore properly excluded under F.R.E. 403. Doc. 63 at 3.

Counter-Defendant argues that the only reason for introduction of the rental car contract is to demonstrate that Counter-Defendant "knowingly allowed a young and inexperienced driver to operate the vehicle or failed to adequately instruct an inexperienced driver as to the proper operation of the vehicle." Doc. 63 at 3. Counter-Defendant argues that such evidence would cause "the jury to engage in speculation as to why Select Motor Cars chose to exclude individuals under 25 from renting or driving their vehicles." Doc. 63 at 3. Counter-Defendant goes on to argue that the rental car company's motive in including this clause is irrelevant to the issue of whether or not Counter-Defendant had actual knowledge of Spencer's "propensity for negligence." Doc. 63 at 4. However, the jury might choose to draw the inference that the existence of this age restriction in the contract should have given Counter-Defendant pause and make him consider more carefully whether or not to entrust the car to his minor son. Alternately, a trier of fact might find that the clause ought to have

4

made him more vigilant in his supervision of his son.[2]

Counter-Defendant further argues that the evidence is irrelevant because the drafters of the contract do not determine the legalities of the operation of motor vehicles. Doc. 63 at 5. However, an act that is legal in nature may still be done negligently.

Counter-Defendant next argues that introduction of the rental car contract into evidence would be more prejudicial than probative, and would be a "needless presentation of cumulative evidence in this case." Doc. 63 at 6-7. On the contrary, this Court finds that the contract is not needless cumulative evidence, but rather is simply one piece of evidence from which a trier of fact might assess the issue of negligence under facts and circumstances of this case as a whole. Counter-Defendant argues that the introduction of the contract would be highly prejudicial because "it would portray Alan Rice as one who ignores, and possesses a cavalier attitude toward his contractual obligations, which has absolutely no relation to Swift's negligence claims against him. In addition, the minimum age driving requirement in the rental contract could confuse the jury and allow them to equate violation of the minimum age provision in the contract with negligence per se in this case." Doc. 63 at 7. This

---

[2] Counter-Defendant has repeatedly cited *O'Loughlin et al v. Hunger*, 2009 U.S. Dist. Lexis 33711 (2009) in his pleadings for the proposition that "a generalized knowledge of inexperience or previous erratic driving is [in]sufficient to impute to the parent owner of the vehicle a responsibility to deny permission to use the vehicle to his minor child." *Id.* At *17; citing *Hornberger v. Hommel*, 6. Pa. D. & C.4th 376, 376-77 (1990). However, the facts in *O'Loughlin* are noteably different from the instant case: *O'Loughlin* is a case where the defendant's *twenty-five*-year-old son stole her car, without her knowledge, having never been given permission to drive that car in the past, and was involved in an accident which resulted in injuries to others. In addition, contrary to Counter-Defendant's repeated assertions that *O'Loughlin* requires *actual knowledge* of the minor child's propensity for negligence (Doc. 62 at 3, Doc. 63 at 4, Doc. 47 at 4-5), *O'Loughlin* states as follows: "a cause of action for negligent entrustment demands a showing that the owner *knew or should have known* that the entrustee is likely to use the thing in such a manner as to create an unreasonable risk of harm to others." *O'Loughlin* at *15-16 (emphasis added). In other words, it is sufficient to show that the Counter-Defendant *should have known* of his son's potential to create an unreasonable risk, and the existence of the age requirement in the rental contract *might* be viewed by the jury as one factor, under the totality of facts and circumstances in this case, that *should have* alerted Counter-Defendant to this potential. (Counter-Defendant also cites *Horanic v. Johnson* in support of the "actual knowledge" argument. However, *Horanic* also utilizes the "knew or ought to have known" standard. 1991 Pa. Dist. & Cnty. Dec. LEXIS 297, *3-4 ("Nowhere has plaintiff alleged that Mr. or Ms. Johnson *knew or had reason to know* of their 17-year-old daughter's alleged use of alcoholic beverages, of her alleged operation of their motor vehicle under the influence of alcohol, or of her alleged operation of their motor vehicle in violation of her license restrictions.")).

Court finds that appropriate jury instructions would address both concerns adequately.[3]

## VII. CONCLUSION

Therefore, Counter-Defendant's Motion in Limine (Doc. 62) is **DENIED**. An appropriate order follows.

---

[3] Firstly, a conclusion that Mr. Alan Rice's failure to follow the provision of this particular contract equates to a disregard for all contractual obligations is a huge leap of logic, but concerns that the jury might take this leap could be remedied with an instruction along the lines of the following: "You are instructed not to draw conclusions about Mr. Rice's attitude towards contractual obligations in general based on this one document, but rather to consider it in light of the facts and circumstances of the instant case." Secondly, distinctions between different types of negligence and their elements have been drawn in the jury instructions of countless negligence cases before this one; there is no reason here to believe that this jury would be any less capable than any past jury of understanding a cogent explanation of the differences between common law negligence and negligence per se.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPENCER A. RICE, LINDA M. RICE, ALAN S. RICE, <br><br>Plaintiffs, <br><br>v. <br><br>SWIFT TRANSPORTATION COMPANY, INC., SWIFT LEASING CO., INC., and KORAN T. BECKWITH, <br><br>Defendants/Counter-Plaintiffs. <br><br>v. <br><br>ALAN S. RICE, <br><br>Counter-Defendant. | CIVIL ACTION NO. 3:08-270 <br><br>JUDGE KIM R. GIBSON |

## ORDER

AND NOW, this 29th day of October, 2010, this matter coming before the Court on Counter-Defendant's Motion in Limine to Preclude Evidence of the Terms of the Select Motor Car's Rental Contract (Document No. 62), **IT IS HEREBY ORDERED** that the Counter-Defendant's Motion is **DENIED**.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

cc: All counsel of record