IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SPENCER A. RICE, LINDA M. RICE, ALAN S. RICE, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:08-270 |
| SWIFT TRANSPORTATION COMPANY, INC., SWIFT LEASING CO., INC. and KORAN T. BECKWITH, | ) ) ) ) | JUDGE KIM R. GIBSON |
| Defendants/Counter-Plaintiffs. | ) ) ) | |
| v. | ) ) | |
| ALAN S. RICE, | ) ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on a Motion in Limine to Strike Expert Report of Steven W. Rickard (Doc. 64), filed by the Counter-Defendant, Alan S. Rice (the "Motion in Limine"). The Counter-Plaintiffs, Swift Transportation Company, Inc., Swift Leasing Co., Inc., and Koran T. Beckwith, oppose the Counter-Defendant's Motion in Limine. Doc. 72. For the reasons that follow, the Motion in Limine is **DENIED**.

### II. BACKGROUND

This case arises from a motor vehicle accident which occurred on the morning of September 9, 2006 on Interstate 80 in Lawrence Township, Clearfield County, Pennsylvania. Doc. 1-1 at 21. Four

vehicles were involved in the accident, one of which was a tractor trailer driven by Counter-Plaintiff Koran T. Beckwith ("Beckwith") and owned by Counter-Plaintiff Swift Transportation Company, Inc. and/or Counter-Plaintiff Swift Leasing Co., Inc. (collectively, "Swift"). Doc. 51 at 2. The tractor trailer driven by Beckwith became disabled at some point,[1] and three other vehicles collided with it (Doc. 51 at 3), one of which was a rental van driven by Counter-Defendant Alan Rice's minor son, 16-year old Spencer Rice. Doc. 1-1 at 21. At the time of the accident Counter-Defendant Alan Rice was in the rental van sitting alongside his son, Spencer Rice, who had been issued a learner's permit, but not a driver's license. Doc. 52 at 5, 12. Spencer Rice allegedly suffered "serious and severe" injuries as a result of the accident. Doc. 1-1 at ¶ 10.

### III. PROCEDURAL HISTORY

Spencer Rice and his parents, Linda and Alan Rice ("Plaintiffs"), filed an action against Defendants/Counter-Plaintiffs Swift and Beckwith in the Court of Common Pleas of Allegheny County, Pennsylvania, on November 13, 2008. Doc. 1-1. Defendants/Counter-Plaintiffs removed the action to this Court on November 26, 2008, and subsequently filed a counterclaim against Alan Rice, alleging negligent entrustment and/or negligent supervision, and seeking contribution and indemnity. Doc. 1; Doc. 52 at 1. Plaintiffs' claims against Defendants were settled out of Court on December 10, 2009. Doc. 47 at 3. The counterclaim remains active and is scheduled for trial on January 18, 2011. Counter-Defendant has filed several motions in limine, one of which is the instant Motion in Limine to Strike Expert Report of Steven W. Rickard. Doc. 64.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiffs' and Counter-Plaintiffs' federal claims pursuant to 28

---

[1] Counter-Plaintiffs and Counter-Defendant are in dispute as to whether or not the vehicle driven by Beckwith "jackknifed" or simply became disabled, and are also in dispute as to whether or not it was possible for other vehicles to avoid colliding with Beckwith's vehicle at that point. See Doc. 51 at 3, Doc. 49 at 2-3.

2

U.S.C. § 1332 and 28 U.S.C. § 1441 *et seq.* Venue is proper because the Plaintiffs reside in the Commonwealth of Pennsylvania, the accident that is the basis of the claim occurred in Clearfield County, Pennsylvania, and the original case was brought in the Court of Common Pleas of Allegheny County, Pennsylvania.

## V. STANDARD OF REVIEW

It is well established that "'[a] federal court exercising diversity jurisdiction follows federal procedural rules.'" See *McKenna v. PSS World Med., Inc.*, 2009 U.S. Dist. LEXIS 58292 (W.D. Pa. 2009); quoting *Munich Welding, Inc. v. Great Am. Ins. Co.*, 415 F.Supp.2d 571, 574 (W.D. Pa. 2006). See also *Fleeger v. State Farm Mut. Auto. Ins. Co.*, 2009 U.S. Dist. LEXIS 20705 (W.D. Pa. 2009) ("A federal district court exercising diversity jurisdiction applies state substantive law and federal procedural law."); citing *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000); in turn citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817, 82 L. Ed. 1188 (1938).

### A. Relevant Evidence and Admissible Evidence

Under the Federal Rules of Evidence, relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." USCS Fed Rules Evid R 401. Further, Rule 402 of the Federal Rules of Evidence provides that "[a]ll relevant evidence is admissible", however, "[e]vidence which is not relevant is not admissible." USCS Fed Rules Evid R 402. See also *Toledo Mack Sales & Serv. v. Mack Trucks, Inc.*, 2010 U.S. App. LEXIS 13827 (3d Cir. 2010).

### B. Expert Testimony

As this Court has previously stated, "Federal district judges serve as gatekeepers of expert testimony, assessing the qualifications of expert witnesses, and determining whether proposed testimony will aid the trier of fact." *Hayduk v. City of Johnstown*, 2009 U.S. Dist. LEXIS 107455 at

3

*4-5; citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

Rule 702 of the Federal Rules of Civil Procedure governs the admissibility of testimony by experts:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

USCS Fed Rules Evid R 702.

As the Third Circuit has explained, and this Court has previously reiterated:

> Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit. [*internal citations omitted*]. Qualification refers to the requirement that the witness possess specialized expertise. We have interpreted this requirement liberally, holding that 'a broad range of knowledge, skills, and training qualify an expert.' [*internal citations omitted*]. Secondly, the testimony must be reliable; it 'must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation'; the expert must have 'good grounds' for his [or] her belief . . . Finally, Rule 702 requires that the expert testimony must fit the issues in the case. In other words, the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact.

*Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003); cited and quoted by *Hayduk* at *5.

### i.    Prong 1 - Qualifications of the Expert Under Rule 702

As to the first prong, this Court has previously noted that "Rule 702 obviously embraces a wide variety of experts, including, for instance, those with practical experience but no formal training." *Hayduk* at *7. Further, "Rule 702's policy of admissibility is a liberal one [*internal citations omitted*] . . . Moreover, 'it is an abuse of discretion to exclude testimony simply because the trial court does not deem the proposed expert to be the best qualified or because the proposed expert does not have the

4

specialization that the court considers most appropriate.'" *David v. Black & Decker (US), Inc.*, 629 F. Supp. 2d 511, 515 (W.D. Pa. 2009); citing *Pineda v. Ford Motor Co.*, 520 F.3d 237, 244 (3d Cir. 2008); in turn citing *Kannankeril v. Terminix Int'l, Inc.*, 128 F.3d 802, 806 (3d Cir. 1997); also quoting *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996)).

Further, "the Court of Appeals for the third Circuit has 'eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more general qualifications.' [*internal citations omitted*]. Rule 702's liberal policy of admissibility extends to the substantive as well as the formal qualifications of experts.' [*internal citations omitted*]. Thus, an expert can qualify based on a broad range of knowledge, skills, training and experience." *Totty v. The Chubb Corporation, et al.*, 2007 U.S. Dist. LEXIS 3330, *3-4 (W.D. Pa. 2007).

### ii. Prong 2 – Reliability of Evidence Under Rule 702

The second element of Federal Rule of Evidence 702 is reliability of evidence. In applying this prong the Court must look at methods and procedures to make sure that the basis for the expert's opinion is not "'subjective belief or unsupported speculation'". *Totty v. The Chubb Corporation, et al.*, 2007 U.S. Dist. LEXIS 3330, *4 (W.D. Pa. 2007); quoting *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 741 (3d Cir. 1994).

Many factors have been suggested as possible indicators of reliability, including whether or not:

- The theory or technique can be tested;
- The theory or technique has been peer reviewed;
- There is a high rate of known or potential error;
- There are standards of control;
- The theory is generally accepted;
- There is a sufficient relationship between the technique and methods which have been established to be reliable;
- The expert's qualifications are sufficient;

5

- The method has been used for non-judicial purposes;
- The proposed testimony grows naturally and directly out of research conducted independent of the litigation;
- The expert has exhibited a leap of logic by "unjustifiably extrapolat[ing] from the accepted premise to an unfounded conclusion."
- The expert has adequately accounted for alternative explanations;
- The level of care used in testifying is the same as that used in the expert's outside work;
- The field of expertise is known to reach reliable results for the type of opinion proffered by the expert.

*Totty* at *5; citing and quoting *Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 594 (D.N.J. 2002); aff'd 68 F. App'x 356 (3d Cir. 2003); also citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 199 S. Ct. 1167, 1171, 143 L. Ed. 2d 238, 246 (1999); in turn citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993).

However, it is important to note that this list of factors is *flexible*, and courts have held that *not all of the factors apply to all of the cases or experts*. See *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 199 S. Ct. 1167, 1171, 143 L. Ed. 2d 238, 246 (1999) ("a trial court may consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case."); see also *Totty* at *5. Indeed, "the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire* at *141; citing *General Electric Co. v. Joiner*, 522 U.S. 136, 143, 139 L. Ed. 2d 508, 118 S. Ct. 512 (1997).

In evaluating the second element of Federal Rule of Evidence 702 *vis à vis* experts with practical experience, the Third Circuit has held that:

> we measure the reliability or trustworthiness of the expert's testimony. [*internal citations omitted*]. However, the "specialized" knowledge upon which [the

6

expert]'s testimony is founded is not the same as "scientific" and "technical" knowledge, as these terms are used in the disjunctive in Rule 702. To be "specialized," *knowledge can be based on sufficient practical or work experience in the field about which the witness is testifying, and it need not be based on testing or experiments beyond common understanding. [internal citations omitted]. Therefore, we need only ask whether [nonmovant] has shown that [the expert]'s testimony would be reliable or trustworthy in light of [the expert]'s practical background and training.*

(emphasis added). *Lauria v. AMTRAK*, 145 F.3d 593, 599 (3d Cir. 1998); citing *United States v. Velasquez*, 33 V.I. 265, 64 F.3d 844, 849 (3d Cir. 1995); also citing Fed. R. Evid. 702, advisory committee's note; also citing *Habecker v. Copperloy Corp.*, 893 F.2d 49, 51-52 (3d Cir. 1990). In addition, the District Court should not preclude the expert's testimony simply because it would have reached a different conclusion – provided there are good grounds for the expert's conclusion. See also *Magistrini v. One Hour Martinizing Dry Cleaning et al.*, 68 Fed. Appx. 356 at *2 ("the District Court should admit expert testimony 'if there are 'good grounds' for the expert's conclusion' notwithstanding the judge's belief that there are better grounds for some alternative conclusion."); citing *Heller v. Shaw*, 167 F.3d 146, 152-53 (3d Cir. 1999).

### iii. Prong 3 - Fit or Relevance under Rule 702

As to the third element of Federal Rule of Evidence 702, whether the expert's testimony will assist a trier of fact, the Third Circuit has applied the Supreme Court's precedent that "'this condition goes primarily to relevance.'" *Lauria v. AMTRAK*, 145 F.3d 593, 599 (3d Cir. 1998); citing and quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993). In other words, "[t]here must be a valid connection between the expertise in question and the inquiry being made in the case." *United States v. Velasquez*, 64 F.3d 844, 850 (3d Cir. 1995). Further, the Third Circuit has held that "the standard for this factor 'is not that high.'" *Lauria* at 600; citing and quoting *In re Paoli R.R. Yard Pcb Litig.*, 35 F.3d 717, 745 (3d Cir. 1994).

7

## C. Evidence Which is Unfairly Prejudicial Shall Not be Admitted

Under Federal Rules of Evidence, Rule 403, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Accordingly, as the Third Circuit has summarized, "'otherwise relevant and admissible evidence may only be excluded if the probative value of the evidence is substantially outweighed by its prejudicial effect.'" *U.S. v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3d Cir. 2000); quoted by *Chatman v. City of Johnstown*, 2005 U.S. Dist. LEXIS 27631, *16 (W.D. Pa. 2005).

In addition, Federal Rules of Evidence, Rule 703 considers the bases of opinion testimony by experts in light of potential unfair prejudice, and states:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted. Facts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.

USCS Fed Rules Evid R 703.

## VI. DISCUSSION –ARGUMENTS AGAINST AND FOR INTRODUCTION OF THE REPORT OF EXPERT STEVE W. RICKARD

This motion is primarily an argument over whether or not proposed expert Mr. Rickard's report meets the standards of Rules 702 and 703, supra. Counter-Defendant argues that Mr. Rickard is not qualified to testify as to negligent supervision and entrustment; Counter-Defendant also argues that Mr. Rickard's opinions are not based on scientific data or knowledge, but rather issues of negligence in

driving are "matters of common knowledge" (Doc. 65 at 10) and will not assist a trier of fact. Doc. 64 at 4, Doc. 65 at 9-10. Counter-Plaintiffs argue that Mr. Rickard is qualified to testify because of his extensive experience in accident reconstruction and his experience as a Pennsylvania State Trooper, qualifications which allow him to assess the "combination of . . . relevant facts" surrounding the accident and draw conclusions which would assist a trier of fact. Doc. 72 at 3.

### A. Mr. Rickard's Qualifications to Serve as an Expert Witness

Counter-Plaintiff argues that the Third Circuit liberally interprets the admissibility of expert testimony under Rule 702, see supra, as well as their qualifications (*i.e.*, formal training and nonformal experience/training are both liberally permitted). Doc. 72 at 2. Counter-Plaintiffs maintain that Mr. Rickard is an appropriate opinion/expert witness because "based on his knowledge, education, training and experience [he] is more than capable of forming an opinion on what Alan Rice should have done to properly supervise Spencer and given this background, the proffered testimony would be helpful to the jury." Doc. 72 at 6. Counter-Plaintiffs point to Mr. Rickard's experience as a Pennsylvania State Trooper, in which capacity he investigated "thousands of accidents", and his 18 years of work in accident reconstruction, including teaching, instructing, training, writing and testifying in state and federal courts. Doc. 72 at 7.

This Court concludes that in the instant case, Mr. Rickard is an expert qualified by his years of experience in accident reconstruction, and his service as a Pennsylvania State Trooper during which time he "investigated thousands of accidents" and was involved in the reconstruction of accidents in the course of fulfilling his responsibilities and issuing traffic citations/moving violations. Doc. 72 at 6-7. In addition, Counter-Plaintiffs assert that since retiring from the Pennsylvania State Police in 1992, Mr. Rickard has been engaged in accident reconstruction, and has taught, instructed, trained and written in this area. Doc. 72 at 7. Further, Counter-Plaintiffs note that Mr. Rickard has been qualified

to testify in twenty-four federal courts as well as thirty-two state courts and in total has participated in the reconstruction/investigation of more than 6,000 accidents.[2] Doc. 72 at 7.

**B. The Reliability of the Testimony**

Counter-Plaintiffs rebut Counter-Defendant's argument that their expert is "simply attributing Spencer's negligence in this case solely to inexperience" and counter that, rather, "Mr. Rickard details his analysis of perception-reaction time [in light of] Spencer's [alleged] negligent operation of the vehicle." Doc. 72 at 3.

As stated supra, the expert's testimony must simply be "reliable or trustworthy in light of [the expert]'s practical background and training." *Lauria v. AMTRAK*, 145 F.3d 593, 599 (3d Cir. 1998). We hold that Mr. Rickard's testimony is reliable and trustworthy in light of his practical background and experience. In addition, the Court notes that accident reconstruction is a technique that is "generally accepted," and has been put to non-judicial uses in the reporting of accidents, driver training, and so forth, for decades. As noted supra, specialized knowledge may be based on practical or work experience about which the expert is testifying, as is the case here. Further, given Mr. Rickard's practical background, we conclude that his testimony will be sufficiently reliable and trustworthy.

In any event, as we have previously noted, "without comment on its direct implications in this matter, *Daubert*'s reminder that evidence that is admissible although questionable, or 'shaky', can of course be tested and challenged through the traditional and appropriate means of '[v]igorous cross-

---

[2] We note a similar admission of expert opinion testimony in an Eastern District of Pennsylvania case, *Montanex v. Art Rigging*, where a named expert had practical experience and was testifying as to negligence. See, e.g., *Montanez v. Ark Rigging*, 1994 U.S. Dist. LEXIS 9442, *15-16 (E.D. Pa. 1994) ("In the instant case, although [the expert] may have lacked familiarity with the rigging business, he was knowledgeable about both forklift safety and the sale of used equipment based on his extensive work experience as a safety engineer. This knowledge was sufficient to place [the expert] in a position to assist the jury as an expert witness with respect to the issue of [the defendant]'s negligence in selling the forklift. Accordingly, the Court concludes that [the expert]'s testimony with respect to plaintiff's negligence claim was properly admitted and does not entitle [the defendant] to a partial new trial on this claim.").

examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Hayduk v. City of Johnstown*, 2009 U.S. Dist. LEXIS 107455 (W.D. Pa. 2009); citing and quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469, 484 (1993).

### C. Whether or Not Mr. Rickard's Testimony Meets Prong 3 of Rule 702 "Fit" or Relevance to the Case at Hand

As to the third element, "fit" or relevance to the case at hand, Mr. Rickard's testimony as to what occurred during the accident, the speed that was likely being traveled, whether or not a driver exercising due care would be able to stop before hitting the tractor trailer driven by Mr. Beckwith, and so forth, is entirely relevant to the case at hand and fits nicely with the questions to be determined. Again, whether or not Mr. Rickard's testimony is believable and convincing is an issue for a trier of fact.

### VII. CONCLUSION

The Court concludes that Mr. Rickard is qualified to testify as to the unfolding of the accident, the events surrounding it, and issues of negligent driving, as proposed by the Counter-Plaintiffs.

Counter-Defendant's Motion in Limine (Doc. 64) is **DENIED**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SPENCER A. RICE, LINDA M. RICE, ALAN S. RICE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| SWIFT TRANSPORTATION COMPANY, INC., SWIFT LEASING CO., INC. and KORAN T. BECKWITH, | ) CIVIL ACTION NO. 3:08-270 ) ) ) ) JUDGE KIM R. GIBSON |
| Defendants/Counter-Plaintiffs. | ) ) ) |
| v. | ) ) |
| ALAN S. RICE, | ) ) |
| Counter-Defendant. | ) |

## ORDER

AND NOW, this 2nd day of November, 2010, this matter coming before the Court on Defendant's Motion in Limine to Strike Expert Report of Steven W. Rickard (Document No. 64), **IT IS HEREBY ORDERED** that the Counter-Defendant's Motion is **DENIED**.

BY THE COURT:

*/s/ Kim R. Gibson*
KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

cc: All counsel of record